UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONTRE ROBINSON, | ) | CASE NO. 3:18CV923 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN HAROLD MAY[1], | ) | |
| Richland Correctional Institution, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |
| | ) | |

On April 17, 2018, Petitioner Montre Robinson ("Petitioner) executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on April 23, 2018. ECF Dkt. #1. In his habeas corpus petition, Petitioner asserted three grounds for relief and requested the Court to vacate his conviction(s) and release him from custody. *Id.* at 5, 22, 27, 30-31. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice. ECF Dkt. #1.

I.      **FACTUAL HISTORY**

The Ohio Third District Court of Appeals set forth the facts of this case on direct appeal. ECF Dkt. #7-1[2] at 268-69. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6thCir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999). As set forth by the Third District Court of Appeals, the facts are:

{¶2} This case stems from the November 8, 2013 shooting death of Joe Gutierrez

---

[1] David Marquis was named as the original Respondent in the instant petition, but is no longer Warden of the Richland Correctional Institution. Harold May is the current Warden of the Richland Correctional Institution as of the date of this Report and Recommendation. *See* https://drc.ohio.gov/rici.

[2] Citations to the State Court Record, ECF Dkt. #7-1, will refer to the .PDF page numbers rather than to specific exhibits. This allows the Court and the parties to easily reference the transcript because the .PDF page numbers in the file containing the transcript (ECF Dkt. #7-1) correspond to the page numbers assigned when the transcript was filed in the CM/ECF system.

> ("Gutierrez") in which it was alleged that Robinson aided and abetted Ralph G. Harris, III ("Harris") in discharging a firearm from a vehicle causing Gutierrez's death. (Doc. No. 116). On November 25, 2013, the Hancock County Grand Jury indicted Robinson on one count of murder in violation of R.C. 2903.02(A), an unclassified felony, with a specification under R.C. 2941.146 that Robinson purposely caused the death of another "by discharging a firearm from a motor vehicle" and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. (Doc. No. 1). On December 2, 2013, Robinson appeared for arraignment and entered pleas of not guilty. (Doc. No. 11).
>
> {¶3} The case proceeded to a jury trial on October 14-17 and 20-22, 2014. (Doc. No. 110). On October 22, 2014, the jury found Robinson guilty as to the counts and specification in the indictment. (Doc. Nos. 101, 102, 110). The trial court filed its judgment entry of conviction on December 11, 2014. (Doc. No. 110). On December 11, 2014, the trial court sentenced Robinson to an indefinite term of life in prison with parole eligibility after serving 15 years on Count One, 5 years in prison on the specification, and 24 months in prison on Count Two, and it ordered that Robinson serve the terms consecutively. (Doc. No. 112); (Dec. 11, 2014 Tr. at 24-25). The trial court filed its judgment entry of sentence on December 17, 2014. (Doc. No. 112).

ECF Dkt. #7-1 at 268-69.

In his instant petition, Petitioner includes an argument that the State appellate court's decision is not entitled to the presumption of correctness under 28 U.S.C. § 2254(e) because it misstated material facts. ECF Dkt. #1 at 19-20. However, Petitioner cited to the appellate court's judgment entry of his App. R. 26(B) application to reopen. *Id.* Regarding specific factual background, the undersigned is concerned with the factual findings of the court of appeals on direct appeal, which both parties quoted verbatim in their briefs and do not dispute. *See* ECF Dkt. #1 at 2-3; #7 at 2-3. Since Petitioner has not rebutted the factual findings of the appellate court on direct appeal, such factual findings are binding and presumed correct.

## II.  PROCEDURAL HISTORY

### A.  State Trial Court

On November 25, 2013, the Hancock County Grand Jury indicted Petitioner on one count of Murder in violation of Ohio Revised Code ("O.R.C.") Title 29, Section 2903.02(A) (Count 1), with a specification of discharging a firearm from a motor vehicle (O.R.C. § 2941.146), and one count of Tampering with Evidence in violation of 29 O.R.C. § 2921.12(A)(1) (Count Two) in Case Number 2013-CR-249. ECF Dkt. #7-1 at 4-6. The State filed a Bill of Particulars on January 17, 2014. *Id.* at 8-12. Petitioner, with counsel, entered a plea of not guilty on all counts. *Id.* at 13.

2

Before trial, the State moved to consolidate Petitioner's cases 2013-CR-247 and 2013-CR-249[3] for trial, which the trial court granted. ECF Dkt. #7-1 at 14-19. The case then proceeded to jury trial. On October 22, 2014, Petitioner was found guilty of Murder in violation of O.R.C. § 2903.02(A) (Count One), as charged in the Indictment in Case Number 2013-CR-249. *Id.* at 20. The jury also specifically found beyond a reasonable doubt that Petitioner, or anyone he aided or abetted, discharged a firearm from a motor vehicle while committing the offense. *Id.* The jury further found Petitioner guilty of Tampering with Evidence in violation of O.R.C. § 2921.12(A)(1) (Count Two), as charged in the Indictment in Case Number 2013-CR-249. *Id.* at 21. In Case Number 2013-CR-247, the jury found Petitioner guilty of Aggravated Possession of Drugs. *Id.* at 22.

On December 11, 2014, the trial court sentenced Petitioner to an indefinite term of life imprisonment with parole eligibility after serving fifteen years for Count One and a mandatory term of five years in prison for the specification contained in Count One. ECF Dkt. #7-1 at 23-24. As to Count Two, the trial court sentenced Petitioner to twenty-four months in prison. *Id.* at 24. Petitioner was also ordered to pay restitution in the amount of $2,750.00. *Id.* at 24-25. The trial court further ordered that the sentences imposed for Count One, the Specification contained in Count One, and the sentence imposed in Count Two were to be served consecutively, one after the other. *Id.* at 25. Finally, the Court ordered that this sentence is to be served concurrently with a sentence imposed for his drug case, Case Number 2013-CR-247. *Id.* Consequently, Petitioner's aggregate sentence was twenty-two years to life imprisonment.

### B. Direct Appeal

On May 18, 2016, Petitioner, through appellate counsel, executed a notice of appeal and a motion for leave to file delayed appeal in Case Number 2013-CR-249, both of which were filed on May 19, 2016. ECF Dkt. #7-1 at 28-29, 35-43. The appellate court granted the Petitioner leave to appeal. *Id.* at 88.

---

[3]Petitioner's instant petition challenges only 2013-CR-249 and not 2013-CR-247, the latter of which is a drug case that arose when Petitioner was arrested for the underlying conduct of 2013-CR-249. ECF Dkt. #1 at 1; #7 at 3 n.2; #7-1 at 17.

3

In his appellate brief filed on January 9, 2017, Petitioner raised the following assignments of error:

1.    The trial court erred when it imposed consecutive sentences on Robinson, because the record did not contain evidence to support the trial court's findings. R.C. 2953.08(G)(2)(a); R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution; December 11, 2014, Sentencing Hearing, Tr. 24-26; December 11, 2014 Judgment Entry.

*Issues Presented for Review:*

1.    *Can an element of an offense justify the finding that the offender committed the worst form of that offense?*

2.    *Does a trial court err in imposing consecutive sentences where the record contains insufficient evidence to support the courts[sic] findings?*

2.    The trial court abused its discretion when it refused to instruct the jury regarding an essential element of the offense when the jury sought clarification on instructions. State v. Carter, 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995); *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29; *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39, (1979); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Ohio Constitution; Tr. 1563-66.

*Issue Presented for Review:*

*Is it reasonable for a trial court not to include an element in clarifying instructions for the jury because it does not want to "unduly emphasize that particular element?"*

ECF Dkt. #7-1 at 89-109. The State filed a brief in opposition. *Id.* at 173-94. Petitioner then filed a reply brief. *Id.* at 250-61. Petitioner also filed a motion to supplement the record. *Id.* at 262-63. On May 8, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court. *Id.* at 267-79. Petitioner did not appeal this decision to the Supreme Court of Ohio. As Respondent correctly noted, the Supreme Court of Ohio's online case information webpage indicates only one appeal to that court by Petitioner in Case Number 2017-1257, which is an appeal of the denial of Petitioner's App. R. 26(B) Application to Reopen, dated August 18, 2017. ECF Dkt. #7 at 5-6.

**C.**    **Application for Reopening Appeal Pursuant to Ohio App. R. 26(B)**

On June 26, 2017, Petitioner executed an Application for Reopening pursuant to Ohio App. R. 26(B), which was filed on July 5, 2017. ECF Dkt. #7-1 at 281-94. As grounds for reopening the appeal, Petitioner raised the following assignment of error:

> 1. Appellant's conviction for Murder was obtained on insufficient evidence in violation of the Due Process Clause to the Fourteenth Amendment to the United States Constitution where the State failed to produce sufficient evidence that Appellant was the 'principal offender' in the murder of Joe Gutierrez.
>
>    <u>Issue presented for review</u>: *Whether the State presented sufficient evidence to prove beyond a reasonable doubt that Appellant was the 'principal offender' in the murder of Gutierrez?*

*Id.* On August 17, 2017, the Ohio Court of Appeals Third Appellate District denied Petitioner's application for reopening, concluding that Petitioner's application failed to show any genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. *Id.* at 295-96. Relevant to the discussion later in this report and recommendation, the court also stated the following:

> Appellant's argument, that appellate counsel should have challenged whether the State presented sufficient evidence showing he was the "principal offender" in the murder, is not plausible because Appellant was convicted of complicity to commit murder under R.C. 2903.02(A) and R.C. 2923.03(A)(2). As such, appellate counsel's performance did not fall below an objective standard of reasonable representation and there is no reasonable probability that the result would have been different. Accordingly, the application is not well taken.

*Id.*

On September 5, 2017, Petitioner executed a timely notice of appeal to the Supreme Court of Ohio, which was filed on September 8, 2017. ECF Dkt. #7-1 at 297-98. Petitioner also filed a memorandum in support of jurisdiction, asserting the following propositions of law:

> 1. Appellant was denied effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to raise the following error on Appellant[sic] direct appeal of right:
>
>    <u>Assignment of Error One</u>: Appellant's conviction for Murder was obtained on insufficient evidence in violation of the Due Process Clause to the Fourteenth Amendment to the United States Constitution where the State failed to produce sufficient evidence that Appellant was the 'principal offender' in the murder of Joe Gutierrez.
>
> 2. The Third District Court of Appeals deprived Appellant his right to a Jury Trial under the Sixth Amendment to the United States Constitution and Due Process under the Fourteenth Amendment to the United States Constitution

when the Third District Court of Appeals made a 'finding' that Appellant was convicted of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.03(A)(2).

3.  Appellant was deprived his right to be[sic] from Double Jeopardy under the Fifth Amendment to the United States Constitution when The Third District Court of Appeals convicted Appellant of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.03(A)(2), after the jury acquitted Appellant of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.03(A)(2).

*Id.* at 299-314. On December 6, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). *Id.* at 317.

## III.   FEDERAL HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2254

On April 17, 2018, Petitioner, pro se, executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,which was filed on April 23, 2018. ECF Dkt. #1. In his instant petition, Petitioner presented the following grounds for relief and supporting facts:

1.  Petitioner was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on petitioner's direct appeal: "Appellant's conviction for Murder was obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution where the State of Ohio failed to produce sufficient evidence proving Appellant was the 'principal offender' in the murder of Joe Gutierrez."

Supporting Facts:

12) In support of this Ground for Relief, Petitioner assert[sic] he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

"Appellant's conviction for Murder was obtained in violation of the Due Process Clause of the United States Constitution where the State of Ohio failed to produce sufficient evidence proving appellant was the 'principle offender' in the murder of Joe Gutierrez."

13) In this case, the evidence presented at trial by the State of Ohio, by and through State witnesses, irrefutably demonstrate Ralph Harris III, (Petitioner's co-defendant) was the principle offender because Ralph Harris, III. shot and killed Joe Gutierrez ("Gutierrez"). (Vol. 6., Tr. P. 1384; Vol. 3., Tr. P. 534, 557). *Robinson*, 2017-Ohio-2703, ¶2,19.

14) Its[sic] undisputed Petitioner did not shoot Gutierrez—Ralph Harris did—which resulted in the trial court instructing the jury it could find Petitioner guilty of Complicity to Commit Murder under R.C. 2923.03(A)(2) and R.C. 2903.02(A). See Tr. P. 1543:3-25 through 1546.

6

15) Rather than find Petitioner guilty of Complicity to Commit Murder under R.C. 2923.03(A)(2) and R.C. 2903.02(A), the jury returned a verdict finding, Petitioner guilty of Murder as the principle offender. See Tr. P. 1570-71, wherein the following verdict was returned:

In the Common Pleas Court of Hancock County Ohio. The State of Ohio, Plaintiff, versus Montre O. Robinson, Defendant. Case number 2013-CR-249, Count one, verdict guilty murder, O.R.C. 2903.02(A), an unclassified felony. We, the jury in this case, duly impaneled and sworn and affirmed, find the Defendant, Monday (*sic*) Montre O. Robinson, guilty of murder, an unclassified felony, in the manner and form as he stands charged in the indictment…..

16) The State of Ohio did not prove beyond a reasonable doubt that Petitioner was the 'principle offender' in the murder of Gutierrez, consequently, the jury's verdict finding Petitioner guilty of being the 'principle offender' was based on insufficient evidence and was obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

17) The "insufficient evidence'[sic] claim was obvious from the state record, and as explained below, there is a reasonable probability the outcome of Petitioner's appeal would have been different had appellate counsel raised this error on appeal.

18) In light of the foregoing facts, appellate counsel deprived Petitioner[sic] effective representation in violation of the Sixth Amendment to the United States Constitution by failing to raise the omitted "insufficient evidence" claim on Petitioner's direct appeal.

2.  Petitioner was deprived his right to be free from Double Jeopardy under the Fifth Amendment to the United States Constitution when the State Appellate Court convicted Petitioner of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.02(A)(2), after the jury acquitted Petitioner of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.02(A)(2).

Supporting Facts: In this Ground for Relief, Petitioner assert[sic] the state appellate court violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution by convicting Petitioner of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.02(A)(2), in the August 18, 2017 Judgment Entry, after the jury acquitted Petitioner of Complicity to Commit Murder in violation of R.C. 2903.02(A) And R.C. 2923.02(A)(2).

3.  Petitioner was deprived his right to a jury trial under the Sixth Amendment to the United States Constitution when the State Appellate [sic] made a finding that convicted Petitioner of  Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.02(A)(2).

Supporting Facts: In this Ground for Relief, Petitioner assert[sic] the state appellate count deprived Petitioner his right to a jury trial in violation of the Sixth Amendment to the United States Constitution, when the state appellate court effectively convicted Petitioner of  Complicity to Commit Murder In

> Violation Of R.C. 2903.02(A) and R.C. 2923.02(A)(2), in the August 18,
> 2017 Judgment Entry.

*Id.* at 5-7, 22, 27-28. Petitioner requested the Court to grant an unconditional writ on each of the three grounds for relief and for the Court to vacate his Murder conviction and the alleged additional conviction of Complicity to Commit Murder. *Id.* at 30-31.

On May 29, 2018, this case was referred to the undersigned pursuant to Local Rule 72.2. On October 23, 2018, Respondent Warden of the Richland Correctional Institution ("Respondent") filed a Return of Writ. ECF Dkt. #7. Respondent requested that the Court deny and dismiss Petitioner's federal habeas corpus petition. *Id.* at 25. Petitioner filed a Traverse on December 6, 2018. ECF Dkt. #9.

## IV.    APPLICABLE LAW

### A.    Procedural Barriers to Review

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. Justice O'Connor noted in *Daniels v. United States*: "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

#### 1.    Statute of Limitations

The AEDPA statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

#### 2.    Exhaustion of State Remedies

Subject to the statute of limitations, federal habeas corpus relief is only available to persons that are in custody in violation of the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107 (1982); *Smith v. Phillips*, 455 U.S. 209, 221 (1983). As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Wilson v. Mitchell*, 498 F.3d 491,

498 (6th Cir. 2007). Exhaustion is required before a state prisoner may bring a habeas corpus petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Collins v. Million*, 121 Fed.Appx. 628, 630-31 (6th Cir. 2005). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Also, the court of appeals may raise and consider the issue of exhaustion *sua sponte*. *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). Exhaustion does not require a state court adjudication on the merits of the claim at issue. *Clinkscale*, 375 F.3d at 438 (citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts," which means "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner will not be allowed to present claims never before presented in the state courts, unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citing *Engle v. Isaac*, 456 U.S. 107 (1982) and *Murray v. Carrier*, 477 U.S. 478 (1986)).

In addition to full presentation, a claim must also be fairly presented to the state courts as a federal constitutional issue rather than merely as a state law issue. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). To exhaust a claim, a petitioner must present it to the state courts under the same theory that it is later presented in federal court. *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). For a claim to be "fairly presented," the petitioner must assert both a factual and legal basis for his claim in state court. *Fulcher v. Motley*, 444 F3d 791, 798 (6th Cir. 2006). A petitioner "fairly" presents the substance

9

of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (internal citation omitted); *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 326). Although general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated, a petitioner is not required to recite "book and verse on the federal constitution." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

Originally, the Supreme Court interpreted 28 U.S.C. § 2254 as providing that if a petitioner did not fulfill the total exhaustion requirement, a district court *must* dismiss the habeas petition, even if it contained both unexhausted and exhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 852 (1999) (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *cf.* 28 U.S.C. § 2254(b)(2) (stating that "a[n] application for a writ of habeas corpus *may* be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (emphasis added). However, the Supreme Court became concerned about petitioners losing their opportunity for federal review when the AEDPA, which was enacted in 1996, included a one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Citing *Rhines*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a mixed petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000)).

The AEDPA, as amended, provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Even assuming a state court remedy is available, the District Court may nevertheless consider a petitioner's unexhausted claim if the claim lacks merit and returning to state court "would amount to a mere futility." *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001); *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### 3.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed)). Absent either cause and prejudice or a finding of actual innocence, a federal court is not required to reach the merits of claims that have been procedurally defaulted in state court by a state prisoner or in federal court by a federal prisoner in a defendant's direct criminal appeal. *See Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006); *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Also, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). On the other hand, the Supreme Court has held that federal courts are not always required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving the [other] question priority, for example, if it were

11

easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."). The Sixth Circuit has endorsed this view in *Hudson v. Jones* and proceeded to the merits in a habeas corpus proceeding when the question of procedural default presented a complicated question of state law and was unnecessary to the disposition of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *accord Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), *as amended* (July 7, 2008).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will apply a presumption that there is no independent and adequate state grounds for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman*, 501 U.S. at 735 (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)); *see also Harris v. Reed*, 489 U.S. 255, 262-63 (1989) (holding that the "plain statement" rule of *Michigan v. Long* applies to federal habeas review). However, the presumption:

> does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman*, 501 U.S. at 735 n.1; *see Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.").

Prior to the Supreme Court's ruling in *Coleman*, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

    (1)       whether the petitioner failed to comply with an applicable state procedural rule;

    (2)       whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418-20 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005), *vacated on other grounds in Bradshaw v. Richey*, 546 U.S. 74 (2005), *remanded to Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007); *Franklin*, 434 F.3d at 420.

Under the second prong, the last-explained state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 735 (1991); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises) (superseded by statute as stated in *Parker v. Matthews*, 567 U.S. 37 (2012) on different grounds); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply). Although the Sixth Circuit has required express reliance on a procedural bar in the past, *see Baze*, 371 F.3d at 320, it has also assumed such reliance when the decision "fairly appears to rest on state law." *Smith v. Warden, Toledo Corr. Inst.*, No. 17-3220, 2019 WL 2518311, at *11 (6th Cir. June 18, 2019) (citing *Coleman*, 501 U.S. at 740).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the

13

state court's decision. *Wilson v. Mitchell*, 498 F.3d 491, 499 (6th Cir. 2007); *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Geneva v. Lazaroff*, 77 Fed.Appx. 845, 850 (6th Cir. 2003); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (Demonstrating "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986); *Geneva*, 77 Fed.Appx. at 850. A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750. The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup*, 513 U.S. at 321. Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). In addition, the Sixth Circuit recognized Ohio's rule that claims must be raised on direct appeal, if possible, or else res judicata bars their litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738

14

F.3d 741, 751 (6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d 104, 108 (1967)). The above standards apply to the Court's review of Petitioner's claims.

**B.**   **Standard of Review**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case for the reasons previously discussed and because Petitioner filed his petition well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see* ECF Dkt. #1-2. As previously stated, under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides a deferential standard of review as follows:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ

15

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001); *Earhart v. Konteh,* 589 F.3d 337, 343 (6th Cir. 2009).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.   Decisions of lower federal courts may not be considered.

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.   The state court decision may be overturned only if:

   1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

   2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

   3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

   4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.   Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted); *see Casnave v. Lavigne*, 169 Fed.Appx. 435, 438-39 (6th Cir. 2006).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic, primary, or historical facts, and not to mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-12 (1995). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Id.*; *see McMullan v. Booker*, 761 F.3d 662, 671 (6th Cir. 2014) (citing *Thompson*, 516 U.S. at 111). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.     ANALYSIS

### A.     Ground One - Without Merit

Petitioner's first ground for relief is not procedurally barred, as Respondent conceded. *See* ECF Dkt. #7 at 11, 21-23. This is due to the fact that Ground One is an ineffective assistance of appellate counsel claim that Petitioner properly raised in an Ohio App. R. 26(B) application to reopen and which he appealed to the Supreme Court of Ohio. *See* ECF Dkt. #1 at 5, #7-1 at 283, 300. As such, Respondent argues that Ground One is not cognizable because the basis for this claim is a matter of state law that the state court ruled on, or alternatively, the claim is meritless under the

AEDPA. ECF Dkt. #7 at 21-23. The undersigned recommends that the Court find that Petitioner's Ground One is without merit.

As previously noted, Petitioner's first Ground for relief in his instant habeas corpus petition is the following:

> 1.     Petitioner was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on petitioner's direct appeal: "Appellant's conviction for Murder was obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution where the State of Ohio failed to produce sufficient evidence proving Appellant was the 'principal offender' in the murder of Joe Gutierrez."

ECF Dkt. #1 at 5.

The Supreme Court long has recognized that the Sixth Amendment right to the effective assistance of counsel "is a bedrock principle in our justice system." *Martinez v. Ryan*, 132 S. Ct. 1309, 1317, 1321 (2012); s*ee also Gideon v. Wainwright*, 372 U.S. 335, 342-44 (1963). The Supreme Court announced a two-prong test for habeas claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness. *Id*. First, the petitioner must demonstrate that counsel's performance was deficient, meaning that counsel made errors that were so egregious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the petitioner must show that he was prejudiced by counsel's deficient performance. *Id*.  To do this, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (quoting *Strickland,* 466 U.S. at 689-90). The Supreme Court has observed that the standards imposed by *Strickland* and § 2254(d) are both "highly deferential," so that when applying them together, "review is 'doubly' so." *Harrington v. Richter,* 562 U.S. 86, 105 (2011).

Petitioner's argument, on its face, raises concerns because Petitioner was correct in that his Indictment charged him with Murder in violation of O.R.C. 2903.02(A) and he was ultimately convicted by the jury of that offense, with neither the Indictment nor the jury verdict mentioning Complicity or citing O.R.C. 2923.03(A)(2). *See* ECF Dkt. #7-1 at 4, 20. However, in the state appellate court's August 18, 2017 judgment entry denying his 26(B) application to reopen, the court reasoned that Petitioner's argument "that appellate counsel should have challenged whether the State presented sufficient evidence showing he was the 'principal offender' in the murder, is not plausible *because Appellant was convicted of complicity to commit murder* under R.C. 2903.02(A) and R.C. 2923.03(A)(2)." *Id.* at 295-96 (emphasis added).

Under the AEDPA, the deferential standard of review prevents a federal court from granting the writ of habeas corpus unless the state court adjudicated the merits of the claim in a way that was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §2254(d). Therefore, in order to determine whether the state appellate court's August 18, 2017 judgment entry involved an unreasonable determination of the facts when it stated that Petitioner was convicted of Complicity to Commit Murder, the undersigned briefly reviewed Ohio law and considered the cases cited by Petitioner. Whether the state appellate court's August 18, 2017 decision was factually correct is important in determining the overarching issue of whether or not appellate counsel's performance was deficient.[4]

The Complicity statute, O.R.C. § 2923.03(A)(2), states: "(A) No person, acting with the kind of culpability required for the commission of an offense, shall . . . (2) [a]id or abet another in committing the offense." The statute also provides: "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a

---

[4]Respondent argued Ground One is not cognizable because it is based on a state law determination. ECF Dkt. #7 at 21-23. Respondent correctly points out that a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Respondent views the state appellate court's statement that Petitioner was convicted of Complicity to Commit Murder as a *legal* determination rather than a *factual* one under the AEDPA. However, since Petitioner's claim is ineffective assistance of counsel, which *is* cognizable, the undersigned focused its discussion on the merits of this issue.

principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." O.R.C. § 2923.03(F). Ohio cases have also consistently held that "[b]ecause a person who is complicit in the commission of an offense can be prosecuted and punished as if he were a principal offender, complicity need not be charged in the indictment and can be stated in terms of the principal offense." *State v. Carter*, 2017-Ohio-7501, 96 N.E.3d 1046, 1075 (Ohio Ct. App. 2017), *reconsideration denied* 2017-Ohio-8220, 2017 WL 4680826, *appeal not allowed* 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 952; *accord State v. Barnes*, No. 04AP-1133, 2005-Ohio-3279, 2005 WL 1515325, at *7 (Ohio Ct. App. 2005); *State v. Owens*, 2018-Ohio-1334, 109 N.E.3d 588, 594 (Ohio Ct. App. 2018); *State v. McComb*, 2017-Ohio-4010, 91 N.E.3d 255, 271 (Ohio Ct. App. 2017); *State v. Bradford*, 2018-Ohio-1417, 101 N.E.3d 710, 721-22 (Ohio Ct. App. 2018); *State v. Fletcher*, 2017-Ohio-1006, 86 N.E.3d 591, 604 (Ohio Ct. App. 2017) (noting that R.C. 2923.03(F) "provides adequate notice that complicity may be contemplated even where the indictment is phrased as if the defendant were the principal offender").

Petitioner cited several cases, arguing that the State did not present sufficient evidence to sustain a conviction of Petitioner as the "principal offender" in the murder of Gutierrez. ECF Dkt. #1 at 10-15. Most of the cases Petitioner cited stand for the proposition that "appellate courts cannot consider evidence of a defendant's complicity in a criminal act if the jury was not instructed on complicity since this would violate the defendant's Sixth Amendment right to a jury trial." *Akron v. Cabell*, 2013-Ohio-5113, 2013 WL 6123187, at *4 (Ohio Ct. App. 2013); *State v. Martin*, 2012-Ohio-1519, 2012 WL 1139123, at *6 (Ohio Ct. App. 2012); *State v. Peterson*, 2007-Ohio-4979, 2007 WL 2758670, at *4 (Ohio Ct. App. 2007); *State v. Garlinger*, 2002-Ohio-366, 2002 WL 124723, at *2-3 (Ohio Ct. App. 2002). The remaining case Petitioner quoted found that there was insufficient evidence that the defendant was a "principal offender" for death penalty purposes but also recognizing that his actual conviction for aggravated murder was "proper" because he aided and abetted another in the killing. *State v. Brown*, No. 18766, 1998 WL 696770, at *4-5 (Ohio Ct. App. 1998). Such cases are not helpful for Petitioner because the State did rely on a theory of complicity, shown in the Bill of Particulars and at trial, and the trial court specifically instructed the jury on complicity. *See* ECF Dkt. #7-1 at 11; #7-3 at 19, #7-8 at 97-101.

20

Petitioner was charged and convicted of Murder under the theory of Complicity, which is acceptable under the law of Ohio, discussed above. Upon review of Ohio law, the undersigned recommends that the Court find that the state appellate court did not make an adjudication that was based on an unreasonable determination of the facts under the AEDPA standard of review. Since the state appellate court did not err, the undersigned recommends that the Court find that Ground One is without merit because Petitioner has not met his burden to show ineffective assistance of appellate counsel under the standards of the AEDPA and *Strickland v. Washington*, 466 U.S. 668 (1984).

### B.    Grounds Two and Three - Procedural Default

Since Grounds Two and Three are both premised on Petitioner's claim that the state appellate court made a finding that convicted him of Complicity to Commit Murder in violation of R.C. 2903.02(A) and R.C. 2923.02(A)(2) and because both grounds were not presented to the Ohio Supreme Court, the undersigned will address them together. The undersigned recommends that the Court find that Grounds Two and Three raised in Petitioner's habeas corpus petition are procedurally defaulted and without merit.

A petitioner commits a procedural default "by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))) (internal quotation marks omitted). In order to avoid a procedural default of a ground for relief, a federal habeas petitioner "must have exhausted his or her remedies in state court." *Id.* A federal claim is considered exhausted once it has been "fairly presented" at the first possible opportunity within "one complete round of the State's established appellate review process." *Id.* at 564. An unexhausted claim is procedurally defaulted if the petitioner fails to exhaust state court remedies and state law no longer allows the petitioner to raise the claim. *Id.*; *see Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir.2009) (When "a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally

21

defaulted."). Likewise, the failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991); *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).

Petitioner filed a direct appeal with two assignments of error, neither of which he included as grounds in his instant habeas corpus petition. *See* ECF Dkt. #7-1 at 89-109. Petitioner did not file a direct appeal with the Ohio Supreme Court. Rather, the premise of Grounds Two and Three are based upon the August 18, 2017 judgment entry of the state appellate court regarding his App. R. 26(B) application for reopening. In denying Petitioner's application for reopening, the court reasoned that Petitioner's argument "that appellate counsel should have challenged whether the State presented sufficient evidence showing he was the 'principal offender' in the murder, is not plausible because Appellant was convicted of complicity to commit murder under R.C. 2903.02(A) and R.C. 2923.03(A)(2)." *Id.* at 295-96. Petitioner claims that the federal constitutional claim raised in Grounds Two and Three "occurred when the state appellate court *sua sponte* convicted Petitioner of Complicity to Commit Murder." ECF Dkt. #1 at 23, 28. Petitioner asserts that he fully exhausted his state remedies because he appealed the denial of his 26(B) application to the Ohio Supreme Court even though the Ohio Supreme Court did not address his claims. *Id.* at 23-24, 28. However, "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir.2005)). Thus, as discussed above for Ground One, only Petitioner's ineffective assistance of counsel claim was exhausted because it was presented to the Ohio Supreme Court.

Instead, Petitioner's argument is more properly considered an argument to show that there was cause and prejudice or a fundamental miscarriage of justice due to the state appellate court's alleged *sua sponte* conviction. As such, the issue first is whether the state court did indeed *sua sponte* convict Petitioner of Complicity to Commit Murder. If so, then the next issue is whether such conviction will excuse Petitioner's procedural default due to cause and prejudice or a

22

fundamental miscarriage of justice. The state appellate court cannot and did not convict Petitioner of a new or additional crime, as discussed in the Ground One section above. Therefore, the undersigned recommends that the Court find that Petitioner procedurally defaulted Grounds One and Two of his instant habeas corpus petition because Grounds One and Two lack merit and do not excuse his procedural default.

## VI.   CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2254 federal habeas corpus petition (ECF Dkt. #1) in its entirety WITH PREJUDICE.


DATE: November 20, 2019                      */s/ George J. Limbert*
                                             GEORGE J. LIMBERT
                                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).